IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DARNISHA NICOLE SMITH,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:19-cv-00087-TES** |

**ORDER DISMISSING COMPLAINT AS TIME-BARRED**

In her original complaint, Plaintiff sued the United States Department of Health and Human Services for allegedly taking her infant child without due process. [Doc. 1]. The Court granted Plaintiff's motion to proceed *in forma pauperis* but ordered Plaintiff to supplement her complaint so the Court could adequately screen it under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) ("PLRA"). Now that Plaintiff has submitted her supplemental complaint, the Court dismisses her claims without prejudice because they are time-barred.

Under the PLRA, the Court must screen complaints filed by plaintiffs—both prisoner and non-prisoner—who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). If the complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief from a

defendant who is immune from such relief, the Court must dismiss it. *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017).

In her supplemental complaint, which consists of medical records quoted in Plaintiff's original complaint, it is clear that the Georgia Division of Family and Children Services ("DFCS" or "DFACs"), a division of the Georgia Department of Human Services as opposed to the U.S. Department of Health and Human Services, took custody of Plaintiff's infant child. *See* [Doc. 6-1, pp. 2, 4–7]. Although it is now apparent that Plaintiff has sued the wrong party, the Court may not dismiss her claims for misjoinder alone. *See* Fed. R. Civ. P. 21. Instead, the Court must add the proper party since the Georgia Department of Human Services is essential to Plaintiff's claims. *See* Fed. R. Civ. P. 19(a). But the Court declines to do so in this case because Plaintiff's claims—regardless of who has been named as a Defendant—are barred by the statute of limitations.

Plaintiff alleges that a government actor failed to afford her due process before taking custody of her child, which, if proved, would constitute a violation of either the Fifth Amendment or Fourteenth Amendment. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"). Such a claim is properly brought pursuant to 42 U.S.C. § 1983 and carries a two-year statute of limitations when brought in the Georgia federal courts. *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)

("Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983[.]"); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) ("[T]he Georgia two-year personal injury limitations period applies to § 1983 actions in a Georgia district court."). Where it "appear[s] beyond a doubt from the complaint itself that the [plaintiff] can prove no set of facts which would avoid a statute of limitations bar," the Court may dismiss the complaint as time-barred prior to service. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam)).

From the face of Plaintiff's supplemental complaint, it is clear that DFCS took custody of Plaintiff's child (allegedly without due process) on March 17, 2011—almost exactly eight years before Plaintiff filed this lawsuit. *See* [Doc. 6-1, p. 3]; [Doc. 1]. Given the applicable two-year statute of limitations, Plaintiff's claims are time-barred, and the Court **DISMISSES** them **without prejudice**.

**SO ORDERED**, this 4th day of April, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**